Scott, J.
This action was originally brought in the former Superior Court of Cincinnati, and was in form an action of trespass on the case. Upon appeal from the judgment of that court, the plaintiff obtained leave from the district court to add to his declaration a count in trespass, quare clausum fregit, and upon trial in that court a verdict was rendered against all the defendants. A motion for a new trial was made by the defendant Noble, and notice given of a motion in arrest of judgment, in case the motion for a new trial should be overruled. By direction of the court these motions wore argued together, and reserved for decision here. A bill of exceptions is embodied in the record, containing the evidence in the case and the charge of the court; and these, together with the pleadings, present the grounds upon which the pending motions rest.
From the testimony, it appears that previous to the 16th of May, 1849, the plaintiff occupied as a furniture ware and sales *room the ground floor and cellar of a three-story brick building, on the east side of Sycamore street, about twenty-five feet north of Third street, in Cincinnati. The plaintiff held under one Hall, who occupied the remainder of the building, and was the tenant of one Franks, who owned the fee. Franks was also the owner of the lot south to Third street, which he had leased to Curtis and Brown for ten years, they agreeing to erect on the premises a five-story brick building, and being allowed the privilege of using the south wall of the house occupied by plaintiff for the insertion of joists and girders, but not in such a manner as to injure the wall. Curtis and Brown had contracted with King and Noble, carpenters and builders, to furnish the material and erect the building for a specified sum, and they (Curtis and Brown) had also employed Seneca Palmer as architect and superintendent. Higdon Vras employed by King and Noble to excavate the cellar, and the street under the adjoining sidewalk. All this excavation was, by the plan, required to be fourteen feet deep, while the plaintiff’s cellar was but seven or eight feet deep. At the depth of the plaintiff’s cellar wall the earth was a gravel quicksand, and while the excavation was going on and the area wall being laid, under the superintendence of the architect, the building in which the plaintiff’s premises were situated gave way, at the southwest corner, and fell on the evening of the said 16th of May, after the workmen had quit labor.
The plaintiff’s wareroom and cellar were full of furniture, which, by the falling of the house, was broken and damaged. To recover *205 for tho injury thus done to tho furniture, plaintiff brought this action jointly against Curtis and Brown, the proprietors, King and Noble, their contractors, Palmer, their architect and superintendent, and Higdon, who was employed to excavate the cellar. Ourti3 and King died before tho trial in the district court, and the verdict is against all the survivors. The declaration contains four counts: Tho first three, in case, for excavating the cellar and street so near to the plaintiff’s premises, and in so careless and negligent a manner, as to disturb the foundation and walls of his warehouse, and cause the same to fall, by means whereof his furniture and other personal property were destroyed. *The fourth count, added by leave of the district court, is in trespass, quare clausum fregit, and adding a destruction of the furniture by way of aggravation.
Tho main grounds upon which the defendant, Noble, rests his pending motions, are, first the alleged misjoinder in the declaration of the count in trespass with the counts in case; and the refusal of the court to instruct the jury “ that the plaintiff can not recover upon the last count of his declaration, because that is a count for trespass to real estate which can not be included in an action on the case under the statute; ” and, secondly, tho misdirection of tho jury by the court in regard to the circumstances under which the defendants would, or would not, be jointly liable.
As to the first point presented, there can be no doubt that, at common law, a misjoinder of causes of action may be taken advantage of by motion in arrest of judgment. 1 Chit. Pl. 236. And so it was held in Nimocks v. Inks, 17 Ohio, 596.
Is there, then, such a misjoinder in the declaration before us? The general rule on this subject, which Mr. Ohitty states as the result of the authorities, is, “ That when the same plea may be pleaded, and the same judgment given on all the counts of the declaration, or whenever the counts are of the same nature, and the same judgment is to be given on them all, though the pleas be different, as in the case of debt upon bond and on simple contract, they may be joined.” To this he adds: “ Perhaps the nature of the causes of action is the best test or criterion by which to decide as to the joinder of counts.” He also says that case and trover may bo joined, but that case and trespass can not; for which the principal reason seems to be, that the judgments are different, that in trespass being, in strictness, quod capiatur; and that in case, quod sit in misericordia. This *206 reason, under our practice, savors more of technicality than of substance. •
The gravamen of the complaint in this case, the substantial injury for which the plaintiff seeks redress, is the same in all the counts of the declaration; it is tho destruction of the plaintiff’s furniture and personal property, for which he seeks to recover damages. It is true, that the form of action, after which tho first three counts are framed, charges this injury to have resulted ^consequentially from the wrongful negligence of the defendants, while the last count states it as the direct and immediate result of a forcible and unlawful entry upon and interference with the plaintiff’s possesion of the realty. All of the counts allege that the plaintiff’s house was thrown down, and his furniture destroyed by the defendants’ wrong; and we think the different character ascribed to that wrong, by the count in trespass, and those in case, is rendered unimportant by the act of March 12, 1844, “ to regulate the practice of the judicial courts.” 42 Ohio Laws, 72. It provides:
“That where, by the wrongful act of any person, an injury is produced either to the person, personal property, or rights of another, or his servant, child, or wife, for which an action of trespass may be brought, an action of trespass on the case may be brought to recover damages for such injury ; whether it was willful, or accompanied by force or not, and whether such injury was a direct and immediate consequence from such wrongful act, or whether it was consequential or indirect.”
The object of this section clearly is, so far to abolish the distinction between trespass and case, as to allow a recovery upon counts in case, though the proof may show trespass to have been the proper remedy. In commenting upon this statute in the case of Nimocks v. Inks, before referred to, Judge Hitchcock says: “ Under the statute, if an action of trespass on the case should be brought, when the proper remedy would be trespass, I suppose the action might be sustained.” If, then, proof of a forcible trespass may be offered under a declaration in case, the insertion of a count in trespass in such a declaration can not be regarded as a misjoinder. It can not be a fatal mistake to make the allegata and probata agree, or to apprise the defendant of the true character of the injury complained of. But if we are mistaken in this, there is a still further difficulty. The second section of the same act of March 12, 1844, provides “that no new trial shall be granted, or judgments ar *207 rested, or writ of error allowed after trial or judgment, on account of any objection to tbe form of action in which the plaintiff may have declared, or on account of any technical objection to the declaration, or *other part of the proceedings, in case the facts are substantially alleged, which the party was bound to prove on the trial, in order to entitle him to a recovery.”
The allegation of a misjoinder presents an objection to the declaration which is so far technical in its character as to render us unwilling, looking to the prohibition of this section, to grant a new trial, or arrest the judgment upon that account.
Let us then examine the question as to the misdirection of the court in relation to the liability of the several defendants.
Prom the bill of exceptions, it appears that the court instructed the jury “ that the last count of the declaration was a count for trespass to the plaintiff’s possession of the real estate described in it, under which the plaintiff, if he proved a trespass to have been committed, could recover not only for the injury to his possession, but also, by way of aggravation of damages, could show and recover for any injury to personal property which was the result of, or consequent upon, such trespass, by the falling of the house; that a trespass was an entry upon another’s possession unlawfully, and with force; that a mere digging in the street in front of Henshaw’s store, or in the sidewalk, would not be such a trespass as would entitle the plaintiff to recover; but if by digging in the street, the foundations of the house, or any structure permanently connected with them, were removed or disturbed, it might constitute a trespass; that all parties engaged in a trespass are principals, and they and whoever procure or advise it, are liable in trespass therefor.”
As to the plaintiff’s right to recover under the first three counts of the declaration, the court charged thus : “ The plaintiff can not recover upon the other counts of the declaration without proof of negligence. Though there may bo cases where an agent is responsible only to his principal for his nonfeasances, this is not the case, however, where the parties are guilty of negligence; for if there was negligence, it was a positive wrong, for which all concerned/ who were guilty of such negligence, would be responsible, whether as between themselves they were principals and agents or not. For in cases of positive wrongs which *are not mere nonfeasances, all are principals as to the party injured.”
The defendant, Noble, asked the court to instruct the jury that *208 “ an action on the case for negligence can not be maintained by a third party against an agent, where the negligence consists in the omission of a duty imposed.”
The court refused this charge as asked, but instructed the jury in lieu of it, that “ this was true abstractly, but where there was negligence or improper conduct in the doing of an act, and injury thereby was done to another, that an action could be sustained against the agent.”
We understand the law in regard to the liability of the principal and the agent, to third persons, for torts occurring in the course of the agency to be this: The principal is always liable to third persons for the misfeasances, negligences, and omissions of duty of his agent, in all cases within the scope of his agency. The agent is also personally liable to third persons for his own misfeasances and positive wrongs. But he is not, in general, liable to third persons for his own nonfeasances or omissions of duty in the course of his employment. His liability in these latter cases is solely to his principal, there being no privity between him and such third persons ; the privity exists only between him and his principal. And hence the general maxim, as to all such negligences and omissions of duty, is, in cases of private agency, respondeat superior. Story on Agency, sec. 308, et seq. Many instances are given in the books in illustration of this rule, which it can hardly be necessary to cite.
A mere nonfeasance, or neglect to perform a duty, however wrongful such negligence may be, can not constitute a technical trespass, which is a positive, act of misfeasance accompanied with force. For such acts of misfeasance, all the agents, and those under whose authority they act, are jointly and severally liable. If, therefore, the injury for which the plaintiff sues in this case was occasioned by the digging in the street, or upon the adjacent premises leased to Curtis and Brown, we apprehend trespass would not be the proper remedy. Curtis and Brown might lawfully dig a cellar upon their own premises, and they might lawfully *dig in the street, by the license of the proper authority. Neither of these acts is a direct forcible invasion of the plaintiff’s premises. Their wrongful character arises solely from the careless and negligent manner in which they were performed ; from a want of such precautionary measures as the law demanded under the circumstances, in order to prevent consequential injury to the plaintiff’s property. For this want of care and consequential injury, the *209 remedy is by action on the case, and tbe liability of the defendants* must be determined by the rules governing cases of negligence, an & not by those applicable to trespass.
On this subject we think the portions which we have copied! from the charge of the court were calculated to mislead the jury. They convey the idea that negligence is always to be regarded as a misfeasance, as a positive wrong, which will subject the agent equally with his principal to liability.
The jury might also reasonably infer from the instructions given, that if the fall of a house was occasioned consequentially by the digging in the street, then such digging might be regarded as a trespass, and the parties engaged in it would all be liable accordingly.
It is probable that the judge who gave the instructions to the jury did. not intend to be so understood, for he properly said that a trespass is “ an entry upon another’s possession unlawfully and with forcebut it is not easy to reconcile what follows with this definition of a trespass.
It was admitted to be true abstractly that “ an action on the case for negligence can not be maintained by a third party against an agent, where the negligence consists in the omission of a duty imposed.” But this was qualified by adding that “where there was-negligence in the doing of an act, and injury thereby was done to-another, an action could be sustained against the agent.” Now, if negligence be the want of proper care and diligence, the qualification would seem to nullify the abstract rule.
Although the jury may have been satisfied, from the evidence in the case, that the plaintiff’s injury was occasioned by the digging in the street, and arose from the want of proper care in the making *of an excavation lawful in itself, and though they may have found that Noble and Higdon were agents working for and under the direction of Curtis and Brown, or their superintendent Palmer, yet under the charge of the court, as we understand its language, they may have supposed that the law held such agents liable equally with their principals. ¥e can not say, therefore, that Noble was not prejudiced by the instructions given.

New trial awarded.

Bartley, C. J., and Swan, Brinkerhoff, and Sutliff, JJ., concurred.